UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 20 CR 111-9 |
| v. | ) | |
| | ) | Honorable Virginia M. Kendall |
| VASILIOS PRASSAS | ) | |

## <u>GOVERNMENT'S SENTENCING MEMORANDUM</u>

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR.,
United States Attorney for the Northern District of Illinois, respectfully submits its
position paper as to the factors in sentencing. For the reasons set forth below, the
government respectfully requests that the Court impose a sentence at the low end of
the advisory guidelines range. Such a sentence will be sufficient but not greater than
necessary to satisfy the principles set forth in the Sentencing Guidelines and in 18
U.S.C. § 3553(a).

## I.   <u>Background</u>

Defendant was a long-term but small agent for Vincent Delgiudice's
bookmaking operation with between six to eight regular gamblers at various times.
Defendant became an agent as a means to pay off the money that he owed Vincent
Delgiudice; defendant appears to have been addicted to gambling and was often
deeply in debt to Delgiudice.   Delgiudice often forgave significant portions of the debt
that Prassas owed, permitting Prassas to continue to gamble and to work as his
agent.   As an agent, defendant recruited bettors, collected, and paid out gambling

1

debts and winnings, served as their bookie, and routinely corresponded and met with Delgiudice to settle up. Most notably, on or about December 21, 2018, Prassas accepted an envelope from Delgiudice agent Casey Urlacher which contained gambling proceeds and delivered it to Delgiudice.

## II.    **Presentence Investigation Report**

The government has no objections or corrections to the Presentence Investigation Report, and agrees with the offense level, criminal history, and advisory Guidelines calculations contained within. The government agrees that the offense level after accounting for acceptance of responsibility is 12 (PSR ¶¶ 24-31), and that the defendant falls into criminal history category I (PSR ¶37). Accordingly, the advisory guidelines range is 6 to 12 months of imprisonment. (PSR ¶ 77).

## III.    **The Factors Set Forth in 18 U.S.C. § 3553(a) Warrant a Sentence within the Advisory Guidelines Range**

### A.    The Nature and Circumstances of the Offense

Defendant's crime is serious. Over a period of years, defendant actively participated in, facilitated, and profited from this massive online gambling operation. That operation utilized agents and subagents to coordinate the wagers of approximately 1000 bettors, and generated millions of dollars in proceeds on an annual basis, including profits to the defendant. The FBI expert described this gambling operation as one of the largest he has encountered in the years that he has worked for the FBI, and estimated that it generated somewhere between 80 million and 160 million dollars in annual wagers. In order to evade detection by law

enforcement, the gambling operation used overseas coconspirators, encrypted communications tools, and engaged in significant money laundering and tax evasion.

This was not a victimless crime. Defendant, along with his co-defendants, preyed upon vulnerable individuals, many of whom were hopelessly addicted to gambling. During the investigation in this case, the government has met with numerous victims whose careers, marriages, family life, and lives were jeopardized and harmed by their affiliation with this gambling enterprise.

**B.** **The History and Characteristics of the Defendant**

Defendant history and characteristics are both aggravating and mitigating. In mitigation, defendant appears to be addicted to gambling and was constantly in debt to Delgiudice. Delgiudice often forgave portions of Prassas' debt so Prassas could continue to gamble, which Prassas viewed as an act of friendship but which actually appears to be a way that Delgiudice exploited Prassas' addiction.

In aggravation, defendant knew and understood that many of the people who were gambling with him were severely addicted to gambling and could not stop. Defendant himself faces challenges with addiction to gambling yet nevertheless exploited the addiction of his gamblers to line his pockets and fund his gambling. Prassas was an integral, long-term, and reliable part of this large criminal organization which operated outside the law for years.

C. **The Seriousness of the Offense, and the Need to Promote Respect for the Law, Provide Just Punishment, Afford Adequate Deterrence, and Protect the Public**

Defendant's conduct is serious and should be sanctioned by a term of imprisonment. His conduct did not represent a one-time lapse in judgment, but involved a conscious decision to violate the law hundreds or thousands of times over the many years that he gambled with Delgiudice.

D. **The Government's Sentencing Recommendation**

The government believes that a sentence at the low end of the 6 to 12 months advisory range is sufficient but not greater than necessary to properly account for the aggravating and mitigating factors and to satisfy the principles of sentencing.

IV. **Conditions of Supervised Release**

The government agrees with the conditions of supervised release proposed by the Probation Department. In light of the history and characteristics of Defendant, his offense conduct, and the purposes of sentencing as reflected in 18 U.S.C. §§ 3553 and 3583, the government respectfully requests that Defendant be required to comply with the conditions of supervised release as proposed by the Probation Department.

**Supervised Release**

Consistent with the Seventh Circuit's guidance in *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), the government agrees with Probation's recommendation for the imposition of a term of supervised release of three years. In order to promote the sentencing

4

objectives of deterring recidivism, protecting the public, and assisting in defendant's rehabilitation and reintegration into society, the government supports Probation's recommendation that the term of supervised release include the conditions set forth below.

### a. **Mandatory Conditions of Supervised Release**

The government agrees that the mandatory conditions of supervised release proposed by the Probation Department should be imposed because they are required by 18 U.S.C. § 3583(a) and recommended by Guideline § 5D1.3(a) and will assist the defendant to transition to a law-abiding citizen.

### b. **Discretionary Conditions of Supervised Release**

The government agrees that the discretionary conditions of supervised release proposed by the Probation Department should be imposed, as such discretionary conditions will serve to facilitate supervision by the Probation officer, support defendant's rehabilitation and reintegration into society, and serve to promote deterrence and protect the public, and are thus appropriate in this case.

### c. **Special Conditions of Supervised Release**

The government agrees with the special conditions of supervised release proposed by the Probation Department in the PSR, which further support defendant's reintegration into society.

## Conclusion

For the foregoing reasons, the United States respectfully requests that the Court sentence defendant Vasilios Prassas to a sentence at the low end of the guideline range.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By:  /s/ Terry M. Kinney
TERRY M. KINNEY
Assistant United States Attorney
312-353-1931

April 26, 2022